UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| GABRIEL M., § § Plaintiff, § § v. § COMMISSIONER OF SOCIAL SECURITY, § § Defendant. § | Case # 1:21-cv-486-DB MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Plaintiff Gabriel M. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 10).

For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **GRANTED**, the Commissioner's motion for judgment on the pleadings (ECF No. 8) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed an application for SSI on January 29, 2018, alleging disability beginning February 11, 1997 (the disability onset date), due to autism, Asperger's syndrome, and obesity. Transcript ("Tr.") 177-86, 187-90, 212. Plaintiff's claim was denied initially on June 4, 2018, after which he requested an administrative hearing. Tr. 15. On January 2, 2020, Administrative Law Judge Theodore Kim ("the ALJ") conducted a video hearing from Falls

Church, Virginia. *Id*. Plaintiff appeared and testified in Buffalo, New York, and was represented by Ida M. Comerford, an attorney. *Id*. Nicholas Fidanza, an impartial vocational expert, also appeared and testified at the hearing, *Id*. Plaintiff's father, Peter Miller, also testified. *Id*.

The ALJ issued an unfavorable decision on April 7, 2020, finding that Plaintiff was not disabled. Tr. 15-27. On March 1, 2021, the Appeals Council denied Plaintiff's request for further review. Tr. 6-8. The ALJ's April 7, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his April 7, 2020 decision:

1. The claimant has not engaged in substantial gainful activity since January 29, 2018, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity; asthma; Asperger's syndrome; autism spectrum disorder; depressive disorder; social anxiety disorder; and moderate intellectual disability (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform to perform a full range of work at all exertional levels, but with the following nonexertional limitations. He can frequently kneel, crouch, stoop, balance, and crawl, and can frequently climb stairs and ramps. He can never climb ladders, ropes and scaffolds. He can never be exposed to unprotected heights and moving mechanical parts. He can have occasional exposure to dust, mists, gases, noxious odors, fumes, pulmonary irritants, and poor ventilation. He is able to understand, carry out, and remember simple instructions, and make simple work-related decisions. He can occasionally deal with supervisors and coworkers, and can never deal with the public. He can occasionally deal with changes in a routine work setting. He cannot perform work requiring a specific production rate, such as assembly line work. He will be off task 10% of the workday.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 11, 1997, and was 20 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 29, 2018, the date the application was filed (20 CFR 416.920(g)).

Tr. 15-27.

Accordingly, the ALJ determined that, based on the application for supplemental security income protectively filed on January 29, 2018, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. Tr. 27.

## **ANALYSIS**

Plaintiff asserts three points of error. First, Plaintiff argues that the ALJ failed to properly evaluate the opinion of treating psychologist Drew Messer, Ph.D. ("Dr. Messer"). *See* ECF No. 7-1 at 1, 10-15. Plaintiff further contends that the ALJ failed to adequately develop the record because he did not obtain additional treatment records from Dr. Messer. *See id*. at 11-13). Second, Plaintiff argues that the ALJ's "highly specific RFC finding" that Plaintiff would be off task 10% of the workday was unsupported, *See id*. at 1, 15-17. Finally, Plaintiff argues that the ALJ's RFC determination was based on "mischaracterizations and selective readings of the evidence." *See id*. at 1, 17-21.

In response to Plaintiff's first point, the Commissioner argues that the ALJ properly evaluated Dr. Messer's opinions and properly developed the record. *See* ECF No. 8-1 at 14-19. The Commissioner also maintains that the ALJ's RFC determination was generally supported by substantial evidence, such as the assessments of the consultative psychologist and the state agency psychological consultant, as well as Plaintiff's reported activities of daily living. *See* ECF No. 8-1 at 12-14. However, the Commissioner fails to directly address Plaintiff's remaining arguments, notably Plaintiff's argument that the ALJ failed to explain his reasoning for determining that Plaintiff would be off task for 10% of the workday. Instead, the remainder of the Commissioner's brief primarily relies on broad, general propositions, such as: (1) the RFC administrative finding is within the province of the ALJ; (2) the ALJ has discretion to assess greater limitations than those supported by the medical evidence; and (3) Plaintiff failed to demonstrate greater limitations than

5

those included in the ALJ's RFC finding. *See id*. at 19-22. However, the Commissioner failed to sufficiently explain how any of these propositions countermand Plaintiff's argument regarding the ALJ's failure to provide any explanation or support for the assessed off-task time limitation.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the ALJ's decision and the entire record, the Court finds that Plaintiff's second point of error has merit. The ALJ found that Plaintiff could perform a range of simple work with an allowance to be "off task 10% of the work day." Tr. 20. However, nowhere in the decision does the ALJ explain how he came to this specific time-off percentage; nor does he cite any medical opinion or other evidence to support this finding.

A claimant's RFC is the most he can still do despite his limitations and is assessed based on an evaluation of all the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). The Commissioner is correct that "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [his] decision," because he is "entitled to weigh all of the

evidence available to make an RFC finding that [i]s consistent with the record as a whole." *See* ECF No. 8-1 at 19 (citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)).

Nevertheless, an RFC finding must be based on substantial evidence. When assessing highly specific RFC's, such specificity must be based on the record, not the ALJ's own surmise. *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday"). An ALJ's RFC finding is only upheld "where the record is clear and, where there is some useful assessment of the claimant's limitations from a medical source." *Haymond v. Colvin*, 2014 WL 2048172, *7-8 (W.D.N.Y. 2014).

Cases in this Circuit, as well as from this District (albeit not precedent) are clear that the ALJ must demonstrate how an off-task limitation was reached. *See Cosnyka*, 576 Fed. App'x at 46; *Brianna E. v. Comm'r of Soc. Sec.*, No. 20-CV-00156-FPG, 2021 WL 2182716, at *3 (W.D.N.Y. May 28, 2021); *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka*, 576 F. App'x at 46 ("Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'").

Without "some explanation" from the ALJ "as to the tether between [the] RFC and the non-stale medical opinions or statements from [the claimant], the RFC [is] based upon [the ALJ's] lay analysis of [the claimant's] limitations, which is not permitted and requires remand." *Jordan*

*v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *see Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10 (W.D.N.Y. Dec. 17, 2019). There must be some identifiable rationale for the conclusion. In this case, the ALJ failed to provide any explanation as to why he found Plaintiff would be off task 10% of the workday. Accordingly, the Court finds that remand is warranted on this point.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

On remand, the ALJ. should thoroughly explain his findings in accordance with the regulations. *See Martin v. Berryhill*, 16-cv-6184-FPG, 2017 WL 1313837, at *4 ("There were many avenues available to the ALJ to fill the gap in the record . . . ") (citing *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) ). On remand, the Commissioner "should employ whichever of these methods are appropriate to fully develop the record as to [Plaintiff's] RFC." *Martin*, 2017 WL 1313837, at *4.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is **DENIED**, and this matter

is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE